UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NEVA HARPER, *pro se*,

               Plaintiff,

               -against-

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

               Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
05-CV-924 (DLI) (VVP)

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Neva Harper filed an application for widow's insurance benefits under the Social Security Act (the "Act"). Plaintiff's application was denied initially and on reconsideration. Plaintiff appeared with her attorney and testified at a hearing held before an Administrative Law Judge ("ALJ") on November 18, 2003. By a decision dated November 26, 2003, the ALJ denied plaintiff's application. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review on August 2, 2004. Plaintiff filed the instant action, *pro se*, seeking judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g). The Commissioner now moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking affirmation of the denial of benefits. Plaintiff opposes the Commissioner. For the reasons set forth more fully below, the Commissioner's motion is granted and this action is dismissed in its entirety.

**BACKGROUND**

Plaintiff was born on March 12, 1940. (R. 62, 64.) Plaintiff married William Chester Harper, the wage earner, on February 3, 1974. (R. 39.) Plaintiff and the wage earner had one child together,

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Michael J. Astrue shall be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this action.

who was born prior to their marriage in 1972. (R. 14.) Plaintiff and the wage earner filed for a divorce, which became effective on January 20, 1984. (R. 40.) Plaintiff testified that shortly after they divorced, she and the wage earner began living together again as he had surgery and needed her to take care of him. (R. 69-80.) After he recovered, they continued to live together. (R. 69-70.) On March 7, 2000, the wage earner died. (R. 42.)

## DISCUSSION

### A.  Standard of Review

Unsuccessful claimants for disability benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). A district court, reviewing the final determination of the Commissioner, must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998). The former determination requires the court to ask whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the Act." *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982) (internal quotations omitted). The latter determination requires the court to ask whether the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The district court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A remand by the court

for further proceedings is appropriate when "the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the . . . regulations." *Manago v. Barnhart*, 321 F. Supp. 2d 559, 568 (E.D.N.Y. 2004). A remand to the Commissioner is also appropriate "[w]here there are gaps in the administrative record." *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999) (quoting *Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997)). ALJ's, unlike judges, have a duty to "affirmatively develop the record in light of the essentially non-adversarial nature of the benefits proceedings." *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999).

**B. Widow's Insurance Benefits**

Under the Act, a "surviving divorced wife" may seek widow's insurance benefits. 42 U.S.C. § 402(e). To qualify for benefits, the surviving divorced wife must establish that, prior to the wage earner's death, she was married to him "for a period of 10 years immediately before the date the divorce became effective." 42 U.S.C. § 416(d)(2). Courts look to the law of the state in which the wage earner was domiciled at the time of his death to determine whether a claimant was "married" to a deceased wage earner. *See* 42 U.S.C. § 416(h)(1)(A).

**C. ALJ's Decision**

ALJ Martin K. Kahn found that plaintiff and the wage earner married on February 3, 1974, and divorced on January 20, 1984, and that their marriage fell thirteen days short of the duration requirement. (R. 15.) He noted that plaintiff and the wage earner lived together after their divorce, but did not remarry. (R. 14.) The ALJ noted that common law marriage is not recognized in New York, the state in which the wage earner died. Thus, the ALJ did not credit plaintiff's marriage to the wage earner with the period of time that they cohabitated after their divorce. (R. 15.) The ALJ denied widow's insurance benefits as plaintiff failed to establish the duration requirement. (*Id.*)

3

D.  **Application**

As a *pro se* litigant, plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the court will construe plaintiff's pleadings and papers "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*emphasis omitted*). The court construes plaintiff's opposition as seeking reversal of the ALJ's denial on two grounds: (i) the court should overlook her failure to establish the requisite ten years as she was encouraged to divorce the wage earner before they had been married for ten years to prevent her from obtaining widow's insurance benefits, and (ii) the duration requirement is unconstitutional as the borrowing of state law to determine whether to recognize a marriage results in disparate results in violation of the equal protection clause. The court rejects both of these arguments.

The ALJ properly found that plaintiff failed to satisfy the ten-year duration requirement. Plaintiff concedes that her marriage to the wage earner fell short of ten years. Plaintiff's bald assertion, raised for the first time in her opposition, that she was deceived into divorcing the wage earner to prevent her from obtaining widow's insurance benefits is unfounded and does not justify overlooking the duration requirement. Further, the time that plaintiff and the wage earner lived together after their divorce became effective cannot be counted towards the duration requirement as New York does not recognize common law marriages. *See Hall v. Comm.*, 05-CV-4192 (FB)(MDG), 2006 WL 3056518, *1 (E.D.N.Y. Oct. 6, 2006). Further, plaintiff's equal protection claim must fail. "[A] federal statute which incorporates state law resulting in the disparate treatment of individuals depending upon their state of residence, does not violate equal protection." *Id.* (denying survivorship benefits as the surviving spouse failed to establish the duration requirement).

4

The court is not unsympathetic to plaintiff's situation, and recognizes that plaintiff's marriage to the wage earner came very close to satisfying the duration requirement; however, the Act requires claimants to establish a full ten years and plaintiff was unable to meet her burden. *See Albertson v. Apfel*, 247 F.3d 448, 449-450 (2d Cir. 2001) (affirming the denial of benefits to a surviving divorced spouse even though the marriage to the wage earner fell just three days shy of the requisite ten years).

## CONCLUSION

For the reasons set forth above, the Commissioner's motion is granted. The instant action is dismissed in its entirety.


SO ORDERED

DATED:   Brooklyn, New York
         September 30, 2008


_____/s/_____
DORA L. IRIZARRY
United States District Judge